STATE OF MAINE
LINCOLN, SS.

DISTRICT COURT
Wiscasset
Docket No. CV-2012-39

ONEEL CORPORATION LTD.,  )
           Plaintiff,   )
                   )
                   )
      v.            )
                   )
                   )
ROGER BINTLIFF,      )
           Defendant.  )

**JUDGMENT**

     This matter comes before the court for trial by written submissions. By agreement of the parties, the court is to consider the written evidence submitted by the parties by April 28, 2014[1] and the written arguments of counsel to determine whether the Plaintiff has met its burden to show by a preponderance of the evidence that it is entitled to recover any sums from the Defendant.

     As the fact-finder in this case, it is up to the court to determine what evidence to believe and what evidence to disbelieve and what weight, if any, to give to evidence submitted. In this case, the court's decision turns on cash payments allegedly made by, or on behalf of, the Plaintiff to the Defendant and the Defendant's claim that the Plaintiff is only entitled to credit for $5,000 per week for his soft costs.

     In regards to the claimed cash payments, the Plaintiff's own submissions cause the court to doubt that a claimed payment of $35,000 was made to the Defendant and further causes the court to question the credibility of the Plaintiff's President and the other claims made in his affidavit. In his affidavit, Mr. Kim, the Plaintiff's President, claims that he made a $35,000 cash payment to the Defendant on June 1, 2012 in the presence of Mr. Lee. However, in his affidavit, Mr. Lee makes no mention of a June 1, 2012 meeting and instead says "Other than the May 29, 2012 and June 12, 2012 transactions, I did not witness nor was I aware of any other cash transactions between Mr. Kim and Mr. Bintliff." Based on the state of the evidence, the court is unable to conclude that the $35,000 cash payment was made.

     The written agreement between the parties indicates that they will split 50/50 the soft costs of purchasing eels incurred by the Defendant. In his affidavit, Mr. Kim claims that this was modified at the time of the first shipment to $5,000 per week. The only evidence submitted to support this claim is Mr. Kim's affidavit, which given the discrepancy noted above the court gives limited weight. In addition, the email

---

[1] The Defendant submitted an affidavit on May 12, 2014 that will not be considered by the court.

1

correspondence between the parties does not support the claim that the Defendant would agree to a cap on his expenses.

Given the State of the record and the credibility issues noted above, the court is unable to conclude that the Plaintiff has proven by a preponderance of the evidence that it is entitled to recover any sums from the Defendant. Therefore, judgment is for the Defendant on all the Plaintiff's claims.

Dated: October 6, 2014

JUSTICE, MAINE SUPERIOR COURT

ONEEL CORPORATION LTD - PLAINTIFF
5635 YONGE STREET UNIT #214
NORTH YORK ONTARIO CA
Attorney for: ONEEL CORPORATION LTD
ROGER THERRIAULT  - RETAINED
LAW OFFICE OF ROGER THERRIAULT
48 FRONT STREET
BATH ME 04530

Attorney for: ONEEL CORPORATION LTD
MICHAEL E THERRIAULT  - RETAINED
LAW OFFICE OF ROGER THERRIAULT
48 FRONT STREET
BATH ME 04530


vs
ROGER BINTLIFF  - DEFENDANT
739 RIVER RD
DRESDEN ME 04342
Attorney for: ROGER BINTLIFF
JOHN D CLIFFORD IV - RETAINED
CLIFFORD & GOLDEN PA
5 MAPLE STREET
PO BOX 368
LISBON FALLS ME 04252


Filing Document: COMPLAINT
Filing Date: 10/17/2012

SUPERIOR COURT
LINCOLN, ss.
Docket No  WISSC-CV-2012-00039


**DOCKET RECORD**

Minor Case Type: CONTRACT